# EXHIBIT 11

**Full docket text:**
MINUTE ORDER: Upon consideration of Plaintiffs' [7] Motion for Alternative Service and attached exhibits, to which no Defendant has responded, the Court finds good cause to GRANT Plaintiffs' Motion.

28 U.S.C. § 1608(a) provides four methods to serve a foreign nation. Plaintiffs' Motion indicates why the Plaintiffs seek to serve the Defendants Islamic Republic of Iran ("Iran"), the Islamic Revolutionary Guard Corps ("IRGC"), and the Ministry of Intelligence and Security ("MOIS") via email.

If Plaintiffs strictly complied with § 1608(a)'s requirements but were unsuccessful at serving Defendants, Plaintiffs may serve Defendants by alternate methods. Any alternate method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (noting that this standard is an "elementary and fundamental requirement of due process").

Here, Plaintiffs' proposed method of service is reasonably calculated to apprise Defendants of this action and afford them the opportunity to respond. *See id.* First, Defendant Iran maintains an official, diplomatic presence with the United Nations in New York and provides the aforementioned email on its Ministry of Foreign Affairs webpage. United Nations, Islamic Republic of Iran, (June 2, 2026), http://iran.un.org/en; Specifications USA-New York Ambassadors Information, Islamic Republic of Iran, Ministry of Foreign Affairs, (June 2, 2026), https://en.mfa.gov.ir/portal/product/6042/380/USA-New-York. It is reasonable to assume that the email address Iran has provided would apprise Iran of the pendency of the action and afford it the opportunity to respond. Moreover, because Defendants IRGC and MOIS are considered to be "so closely bound up with the structure of the state that [it] must in all cases be considered as the 'foreign state' itself," service to this email address for the IRGC and MOIS are also appropriate. *Przewozman v. Islamic Republic of Iran*, 628 F. Supp. 3d 307, 313 (D.D.C. 2022) (citing *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 153 (D.C. Cir. 1994)). Finally, this Order is consistent with those of other courts in this District who recently addressed the same issue. *See* Order, *Doe v. Islamic Revolutionary Guard Corps*, No. 1:26-cv-00334 (D.D.C. June 9, 2026), ECF No. 10 (granting plaintiff's motion for alternative service); Minute Order, *Hutan v. Islamic Republic of Iran et al.*, No. 1:25-cv-00837 (D.D.C. Apr. 16, 2026) (same).

Accordingly, it is ORDERED that Plaintiffs may serve Defendants by transmitting the summons, the complaint and the required notices, together with a Farsi translation of each, by electronic mail to the Permanent Mission of the Islamic Republic of Iran to the United Nations at iran@un.int no later than Wednesday, September 30, 2026. It is FURTHER ORDERED that Plaintiffs shall file a certificate of service within seven days of effecting service. SO ORDERED. Signed by Magistrate Judge Moxila A. Upadhyaya on August 31, 2026. (lcag)

Doe v. Islamic Republic of Iran, No. 1:26-cv-02507-MAU (D.D.C.) - full docket text of Minute Order entered August 31, 2026, retrieved from PACER (ecf.dcd.uscourts.gov) on August 31, 2026.